UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| TONY RAY JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF OAKLAND, et al.,<br><br>        Defendants.<br>_____/ | No. C 12-1416 MEJ<br><br>**DISCOVERY ORDER RE: CONTINUED DEPOSITION OF OFFICER GARCIA**<br><br>**(Re: Docket No. 48)** |

## INTRODUCTION

Plaintiff Tony Ray Jones brings this case under 42 U.S.C. § 1983 related to an incident on February 19, 2012, during which Defendant Oakland Police Officer Cesar Garcia engaged Plaintiff in a foot pursuit and subsequently shot him in the lower back. On June 19, 2013, the Court granted the parties' stipulation to permit Officer Garcia's deposition after the discovery deadline. Dkt. No. 41. Officer Garcia's deposition went forward on June 25 and 27, but Plaintiff Tony Ray Jones now seeks to continue the deposition so that Officer Garcia can answer questions concerning the onset, timing, and symptoms of his current mental illness (PTSD). Jt. Ltr. at 2, Dkt. No. 48. Plaintiff argues that the issue of whether or not Officer Garcia was exhibiting signs of his asserted mental illness at or before the time of the shooting is highly probative of an issue in this case. *Id.* at 3. Specifically, Plaintiff argues that if Officer Garcia was suffering from an anger and panic-inducing mental illness at the time of the encounter, it will be highly relevant to the main issues of liability in this matter. *Id.* In response, Defendants argue that Officer Garcia's confidential communications with his psychotherapist are privileged under federal law. *Id.* at 6. Defendants further argue that the testimony sought regarding Officer Garcia's mental health history is protected by the constitutional right to privacy and is not relevant to the Plaintiff's claims. *Id.* at 8.

**DISCUSSION**

**A.     Psychologist-Patient Privilege**

Federal law recognizes a psychotherapist-patient privilege as to "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The majority of the cases addressing the issue of waiver of the psychotherapist/patient privilege involve a waiver by the plaintiff, and not by a defendant. However, the analysis of a waiver by a defendant and by a plaintiff is similar: "Just as courts examine whether a plaintiff waived his/her privilege by placing his/her mental state at issue, or by placing the communication at issue, in determining whether a defendant waived a privilege, the court must decide whether the defendant placed his/her mental state at issue by raising his/her mental state as a defense, or by placing the communication at issue in establishing a defense." *Speaker ex rel. Speaker v. Cnty. of San Bernardino*, 82 F. Supp. 2d 1105, 1120 (C.D. Cal. 2000).

Here, the Court finds that Officer Garcia has a right to assert the psychotherapist privilege. In *Speaker*, the defendant officer shot and killed the plaintiffs' family member. *Speaker*, 82 F. Supp. 2d at 1107. Shortly after the incident, the officer attended two counseling sessions, and the plaintiffs subsequently sought to question his doctor at trial regarding what the officer told her during those sessions. *Id.* The court noted that the officer had asserted perception distortion as a possible defense both by testifying to his distorted perception in his deposition and by submitting the report of an expert witness on his perception distortion. *Id.* at 1120. Thus, the court held that the officer waived his psychotherapist/patient privilege as to perception distortion because he sought to affirmatively introduce evidence about his mental state that would place his communications with his doctor at issue. *Id.* However, the court limited the waiver to perception distortion only, finding that he had not waived the privilege as to other aspects of his mental state because he did not affirmatively introduce any such evidence that would place his communications with the doctor at issue. *Id.*

Here, despite Plaintiff's argument otherwise, there is no indication that Officer Garcia has asserted any defense that puts his mental state at issue. In fact, Defendants state that Officer Garcia sought the assistance of a mental health professional only after the events which gave rise to

2

1  Plaintiff's claim. Jt. Ltr. at 7. Plaintiff argues that during his deposition, Officer Garcia revealed
2  that he had certain symptoms of PTSD after a previous incident in which he shot and killed a young
3  black male by shooting him in the back. *Id.* at 3, Ex. 2 at 183-86 (Garcia Depo.). Based on this
4  testimony, Plaintiff argues that "there is sufficient reason to believe that there will be testimony
5  tending to show that Officer Garcia was mentally ill when he made his choice to shoot Mr. Jones in
6  the back." Jt. Ltr. at 3. However, Plaintiff's mere speculation does not amount to a defense
7  affirmatively raised by Officer Garcia. Thus, as Plaintiff has presented no evidence which indicates
8  that Officer Garcia intends to introduce any evidence of his mental state or evidence implicating any
9  other topic he may have discussed with his doctor during counseling sessions, the Court finds that he
10 has not waived his psychotherapist/patient privilege.

**B.   Relevancy**

Plaintiff also argues that the issue of whether or not Officer Garcia was exhibiting signs of PTSD at or before the time of the shooting are highly relevant to the issue of liability for excessive force under 42 U.S.C. § 1983 because it is probative of whether Officer Garcia was suffering from an anger and panic-inducing mental illness at the time of the encounter. Jt. Ltr. at 3.

A claim that law enforcement officers have used excessive force is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 387 (1989). This "reasonableness" analysis must be judged from the perspective of a reasonable officer at the scene, rather than with the 20/20 vision of hindsight. *Id.* at 396. The totality of the circumstances must be evaluated, including the severity of the crime, whether the suspect poses an immediate threat to others, and whether he is actively resisting arrest. *Id.* In *Graham*, the Supreme Court rejected the district court's requirement that the seizure be "malicious and sadistic" and "for the very purpose of causing harm." *Id.* at 397. The Court explained that "the 'malicious and sadistic' factor puts in issue the subjective motivations of the individual officers, which our prior cases make clear has no bearing on whether a particular seizure is "unreasonable" under the Fourth Amendment." *Id.* "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively

3

unreasonable use of force constitutional." *Id.*

Although Plaintiff contends Officer Garcia's mental state is relevant, *Graham* makes clear that excessive force cases are evaluated under the Fourth Amendment's "objective reasonableness" standard. Therefore, Officer Garcia's private mental health information is not necessary to determine whether his use of force against Plaintiff was constitutional. His subjective mental state has no bearing on whether his actions were "objectively reasonable" under the circumstances. *Graham*, 490 U.S. at 397.

## CONCLUSION

Based on the analysis above, the Court finds that Officer Garcia's mental state is not relevant to the issue of liability and, even if it were, such information is protected by the psychologist-patient privilege. Accordingly, Plaintiff's request is DENIED.

**IT IS SO ORDERED.**

Dated: August 12, 2013

_____
Maria-Elena James
United States Magistrate Judge